

October 30, 2020

VIA E-FILING
The Honorable Colm F. Connolly
United States District Court For the District of Delaware
844 North King Street
Wilmington, DE  19801

      **Re:** **Rio Tinto Alcan Int'l Ltd., et al. v. Century Aluminum Co., et al.,**
            **C.A. No. 19-829-CFC-SRF**

Dear Judge Connolly:

We write on behalf of the Century Defendants in the above-captioned matter regarding the Court's offer during the October 23, 2020 *Markman* Hearing to expeditiously consider (1) a summary judgment motion regarding whether certain claim terms in each of the two Asserted Patents are indefinite; and/or (2) Defendants' pending Motion for Judgment on the Pleadings that Rio Tinto is not entitled to pre-suit damages because it failed to comply with the marking/notice provision of 35 U.S.C. § 287.

Century believes that it may be a more efficient use of the Court's and the parties' resources to act on its pending, fully-briefed Rule 12(c) Motion for Judgment on the Pleadings, D.I. 47, rather than preparing an entirely new motion and incurring the associated costs related thereto.  If the Court grants Century's 12(c) Motion, no damages will be available to Plaintiffs.

Century met and conferred with Rio Tinto and requested that Rio Tinto disclose the fees and costs it had already incurred in opposing Century's 12(c) Motion.  Rio Tinto indicated it would oppose any request to expedite Century's 12(c) Motion and refused to provide Century with its fees and costs related to opposing the Motion.  According to Rio Tinto, the Court's offer to expedite one of Century's motions did not apply to Century's 12(c) Motion.  The Court stated, however, that:

> "Now, what I try to do when I think there's kind of a silver bullet, I move it to the top of the pile. That's what I do on indefiniteness. I mean, on the marking, I guess what I tell you, if you feel really comfortable on that, why don't you consider are you willing to pay the costs of litigating that motion if you lose, and I am not sure whether I could hear it early or not, but you can give it some thought as you speak with your client and then speak with the other side  about how the case should move forward."

Markman Tr. 75:22-76:6.

Century therefore understood the Court's order to apply to expediting Century's pending Rule 12(c) Motion in addition to indefiniteness. Because Rio Tinto disagrees, Century respectfully requests the Court's guidance on whether it is amenable to expediting a ruling on Century's pending Rule 12(c) Motion and whether Rio Tinto should provide Century with its fees and costs related to answering that motion. Rio Tinto's concerns regarding its pending discovery dispute are inapt and speculative, and do not change the fact that Century requests the Court's guidance regarding its offer on expedited ruling of its Rule 12(c) motion.

**Rio Tinto's Position**

We write on behalf of Plaintiffs Rio Tinto Alcan International Limited, Rio Tinto Alcan Inc., and Alcan Primary Products Company LLC (collectively, "Rio Tinto"). Rio Tinto believes Defendants' request to expedite their Rule12(c) Motion (D.I. 47) is misplaced. At the end of the claim construction hearing, Defendants inquired as to a potential schedule to address what they suggested were their "strong" arguments on the issues of indefiniteness. The Court suggested that if Defendants believed their arguments were that strong, the Court was prepared to stay the case and "expedite" the summary judgment briefing on those case dispositive issues if Defendants agreed to pay Rio Tinto's fees and costs of such a motion if Defendants did not prevail. The Court then ordered Defendants to decide by today whether they would proceed with their "expedited" summary judgment motion on indefiniteness. Defendants' attempt to reserve their right to pursue their early summary judgment motion on indefiniteness at some later time, rather than make a decision, indicates that they are not prepared to take advantage of the Court's offer on their proposed, early indefiniteness summary judgment motion.

Instead, Defendants now seek to swap out their "strong" indefiniteness summary judgment motion and replace it with their more limited Rule 12(c) Motion, which will not resolve all of the issues in this case. First, although the Court, without the benefit of having Defendants' Rule 12(c) Motion available to it at the claim construction hearing, suggested that Defendants consider paying the fees and costs on litigating that Rule 12(c) Motion, Rio Tinto understood that the Court's offer to "expedite" any motion was grounded in that motion being case dispositive. Defendants' Rule 12(c) Motion is not case dispositive. At best, it would resolve only the damages issues in this case that took place prior the filing of Complaint (and even then, only if the Court also does not grant Rio Tinto's motion in the alternative for leave to amend its Complaint to address the issues raised in

Defendants' Rule 12(c) Motion (D.I. 61)).  Regardless of the ruling on Defendants'
Rule 12(c) Motion, fact and expert discovery in this case will need to proceed.
Indeed, numerous fact witnesses are scheduled to be deposed in the next few
weeks.  Furthermore, a discovery dispute is being heard by Magistrate Judge
Fallon on November 18, 2020, that may better define the issues in this case,
including any potential damages post-filing of the Complaint.

In light of the above, Rio Tinto does not believe that it is appropriate for
Defendants to take Your Honor's suggested approach on how to handle
Defendants' purported "strong" positions on the case dispositive purported
indefiniteness issues, and have it applied to the non-case dispositive issues raised
in Defendants' Rule 12(c) Motion on marking.  Rio Tinto therefore respectfully
requests that the Court deny Defendants' request to "expedite" their pending Rule
12(c) Motion.  Rio Tinto also believes that the amount of fees and costs it incurred
with respect to Defendants' Rule 12(c) Motion is not relevant to Defendants'
request to expedite their Motion.  Rio Tinto will provide this information should
the Court decide to expedite their non-case dispositive Motion and proceed to deny
it.

Additionally, Rio Tinto continues to believe that the case schedule should be
extended by approximately three months (D.I. 129), but based on the guidance
from the Court during the October 23 claim construction hearing, Rio Tinto will
wait until after the November 18 hearing with Magistrate Judge Fallon to further
address the extension of the schedule with the Court.

*     *     *

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)

3